## BLACKWELL *v.* STATE

[No. 339, September Term, 1962.]

*Decided June 27, 1963.*

The cause was submitted to BRUNE, C. J., and HENDERSON, PRESCOTT, MARBURY and SYBERT, JJ.

Submitted on brief by *Nathan Stern* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, William D. Macmillan, Jr., Special Attorney, William J. O'Donnell, State's Attorney for Baltimore City,* and *Robert V. Lazzaro, Assistant State's Attorney,* for the appellee.

PER CURIAM.

The appellant was tried before Judge Harlan, sitting without a jury, in the Criminal Court of Baltimore on charges of statutory burglary and larceny and was found guilty thereof and sentenced to six years' imprisonment. The only question presented is the sufficiency of the evidence to sustain the conviction.

There was evidence to show the following: At about 3:25 A.M. on October 22, 1962 [which was a Monday], a Baltimore police officer in checking the Urban Renewal warehouse

of the City of Baltimore at 801 North Arlington Avenue found that a rear cellar door on the east side of the building had been forced open, heard a noise inside and he asked the driver of a passing cab to call for assistance. The officer then went (or returned) to the rear of the building and heard a noise inside sounding as if someone were running to the front. The officer went around to the front and saw a man jump from a front window of the building and cross into and start running through Arlington Square. The officer called to the man to stop, fired two warning shots and gave chase. He was quickly joined by other officers, one of whom arrested the defendant, who was then slouched down on the back porch of a house in the 1200 block of West Lafayette Avenue. The officer who testified had lost sight of the fleeing man and was searching back yards in the immediate vicinity and was three or four houses away when the arrest was made. He joined the arresting officer and they "patted down" the defendant and found on him thirteen keys to doors in the Urban Renewal warehouse. The defendant's clothing was soaking wet. A water pipe in the warehouse near the rear cellar door had burst and was spraying water all over the area.

An employee of the Urban Renewal agency testified that he went to the warehouse early on the above date and that the police were already there. He found that a large number of typewriters and adding machines· had been removed from offices or other parts of the building and had been piled up or collected in the rear of the first floor. He made an inventory of them and their total value was in excess of $5300.00. He identified the keys which had been found on the defendant. The building had been locked at five o'clock in the afternoon of the preceding Friday.

The police officer identified the defendant as the man he had seen jump from the window whom he had chased. He said that it was dark at the time of the chase, but that the street was well lighted.

With this evidence of the officer seeing a man jump from the window, of the hot pursuit and of the capture within a short distance and in a matter of only a very few minutes, of

the soaking wet condition of the defendant, of the broken water pipe, of the keys, of the piled up typewriters and adding machines, a claim that the evidence was insufficient to warrant the trier of fact in finding the defendant guilty on charges of statutory burglary and larceny is plainly frivolous.

*Judgment affirmed.*